Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

### for the

### Middle District of Florida

_____Tampa__ Division

Case No. 8:22 cv 1919 nss-cpt

*(to be filled in by the Clerk's Office)*

LUIS ALEXANDER
_____

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

-v-

DEPUTY STEVEN STEWART, DEPUTY JOSEPH STEARNS, DEPUTY MICHAEL BRADY, Corporal MANUEL HAAG.
_____

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)*

JURY TRIAL DEMAND

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

### (Prisoner Complaint)

### DEMAND FOR A JURY TRIAL AND DECLARATORY RELIEF REQUESTED

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---



Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | *Luis Alexander* |
| All other names by which you have been known: | *Luis Alexander III* |
| ID Number | *R49375* |
| Current Institution | *Florida State Prison* |
| Address | *P.O. Box 800* |
| | *Raiford      FL      32083* |
| | City      State      Zip Code |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | *Steven Stewart* |
| Job or Title *(if known)* | *Deputy Sheriff / Corrections Officer* |
| Shield Number | *3464* |
| Employer | *Pasco County Sheriff's Office* |
| Address | *8700 Citizens Drive* |
| | *New Port Richey      FL      34654* |
| | City      State      Zip Code |

☑ Individual capacity    ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | *Joseph Stearns* |
| Job or Title *(if known)* | *Deputy / Corrections Officer* |
| Shield Number | *5366* |
| Employer | *Pasco Sheriff's Office* |
| Address | *8700 Citizens Drive* |
| | *New Port Richey      FL      34654* |
| | City      State      Zip Code |

☑ Individual capacity    ☐ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**Defendant No. 3**

Name: *Michael Brady*

Job or Title *(if known)*: *Deputy / Correction Officer*

Shield Number: *4742*

Employer: *Pasco Sheriff's Office*

Address: *8700 Citizens Drive*

*New Port Richey*          *FL*          *34654*
City          State          Zip Code

[✓] Individual capacity          [ ] Official capacity

**Defendant No. 4**

Name: *Manuel Haag*

Job or Title *(if known)*: *Corporal / Corrections Officer*

Shield Number: *3418*

Employer: *Pasco Sheriff's Office*

Address:

City          State          Zip Code

[✓] Individual capacity          [ ] Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
*Excessive Force in Violation of the Fourteenth Amendments Due Process Clause, Failure to Protect/Intervene in Violation of the Fourteenth Amendment and Assault and Battery Under State law of Florida.*

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

N/A

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

All Defendants acted under Color of law by virtue of their employment by the State.

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐    Pretrial detainee

☐    Civilly committed detainee

☐    Immigration detainee

☑    Convicted and sentenced state prisoner

☐    Convicted and sentenced federal prisoner

☐    Other *(explain)* _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

Pasco Detention Center, 20101 Central Boulevard, Land O'Lakes, Florida 34637. Monday October 12, 2020.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

*October 12, 2020 at around 8:00 a.m. – 9:00 a.m.*

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

*See "Attachment A" Pages 1-6.*

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

*See "Attachment B" Pages 1-2.*

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

*See "Attachment C" Pages 1-2.*

## "ATTACHMENT A"

### IV. Statement of claim, D.

### A. Facts

1. On October 12, 2020, at around 8:30 a.m., the laundry deputy named Steven Stewart came to delta 300 for laundry exchange.

2. Plaintiff Alexander and some other inmates that were housed in delta 300 housing unit then lined up in front of the delta 300 door to exchange their dirty uniforms for clean ones.

3. When it was plaintiff's turn to exchange his uniform he tossed his dirty uniform into the laundry cart then asked deputy Stewart for an extra large uniform. At that time deputy Stewart then turned to the trustees (inmates assisting with laundry) and said, "give me a large set." Plaintiff Alexander then corrected defendant Stewart thinking he had misheard him by saying, "I said extra large," Defendant Stewart then replied, "put it on."

4. Plaintiff Alexander put on the uniform, the uniform was to small and fit him tight. Plaintiff showed defendant Stewart the too small uniform and said, "can I please get a bigger uniform?" Stewart then replied, "what size is that shirt?" Plaintiff then said, "large" Stewart then turned to the trusty again and said, "give me a large shirt," Alexander then said, "I need an extra large."

5. Even though Plaintiff specifically asked for an extra large uniform Stewart purposely gave him another large shirt knowing that it was too small. Plaintiff then told Stewart, " I need some bigger pants," in which Stewart replied, "put the shirt on" plaintiff then complied and put the shirt on and again showed Stewart that it was too small.

6. Defendant Stewart then said, "we're done here," then left delta 300. Alexander then turned to the housing deputy of delta 300, deputy Joseph Stearns and asked him, "Stearns, can you please help me out? Look at how small this uniform is." Defendant Stearns didn't even glance in plaintiff's direction but continued typing on the computer. Stearns then told plaintiff, "I'm not

going to over rule  that guy, he's doing laundry, put in a grievance."

7.  Plaintiff then told Defendant Stearns, "look man this uniform doesn't fit it's too small, can you get me an extra large? Please?" Stearns then replied, "I'm not leaving the dorm and then somebody gets into a fight and then I'm gonna get in trouble for leaving the dorm. I don't know what to tell you man put in a grievance."

8.  At that time plaintiff Alexander became depressed and felt humiliated for being forced to wear a small uniform. It was not the first time deputy Stewart had given him a small uniform, twice a week since January of 2020 deputy Stewart has been giving plaintiff and numerous others inmates in Pasco detention center small uniforms against their wishes.

9.  Plaintiff then walked to his cell, stepped inside, took off his uniform and threw it on the day room floor of delta 300 by the stairs and tables.

10.  As Defendant Stearns was doing his well being check he came through the 317 door on top tier where the second story cells are located. As Stearns was walking down the stairs he saw plaintiff's discarded uniform on the floor. Stearns then said over his radio, "delta control close all cells in 300," then proceeded to walk down the stairs to the officer's desk located by the delta 300 door.

11.  At that time an inmate named Luis Brito yelled out, "why are we on lock down?" Defendant Stearns replied by yelling, "because somebody threw their uniform on the ground, and whoever did it needs to stop acting like a little boy and pick it up." "Who's the one that threw their uniform on the ground?"

12.  Plaintiff Alexander said, "It was me, I did it," then Stearns said over his radio, "delta control roll three zero one," then yelled at Alexander, "now pick up your uniform and stop acting like a little boy." Alexander replied, "No, I'm not picking it up, I'm not wearing that uniform it's too small." Stearns retorted with, "stop acting like a little bitch and pick it up!" Plaintiff then

2

became embarrassed and said, "who're you calling a bitch?" Stearns yelled, "you bitch!" Alexander replied, "fuck you," I ain't picking up shit."

13. Defendant Stearns started walking towards cell 301 where plaintiff was still inside. Stearns stopped outside of cell 301 and told plaintiff Alexander, "pick up your uniform," Alexander replied, "no, I'm not wearing that uniform it's too small." Stearns said, "well, then your going to confinement," Alexander replied, "I don't care." Stearns told Alexander, "cuff up," Alexander then calmly complied with Stearns's order by turning around, putting his hands behind his back and allowing Stearns to put wrist restraints on him.

14. Defendant Stearns escorted plaintiff Alexander out of delta 300 and into the vestibule of delta. As Alexander and Stearns entered the vestibule Defendant Stewart walked in their direction and asked, "what's going on?" And Stearns replied, "this guy is acting like a little bitch and threw his uniform in the day room," Alexander said calmly, "you didn't do shit," Stearns replied, "who put handcuffs on you?"

15. Defendant Stearns told Alexander, "sit," at that time Alexander did not know or was even aware of a chair being behind him. Without giving plaintiff a chance to comply or reply Stearns grabbed Alexander's left arm aggressively prompting Defendant Stewart to grab Alexander's right arm. Alexander never refused to sit down and in fact was silent.

16. Defendant Stearns and Defendant Stewart both simultaneously began to use force unreasonably by forcibly pushing Alexander backwards towards the chair. Neither Stearns nor Stewart gave plaintiff Alexander any other order at that time.

17. And then out of fear of an attack by both Defendants Stearns and Stewart, due to their aggressive actions, plaintiff Alexander tightened up his legs in defense to stop himself from falling backwards.

18. Defendant Stearns suddenly and unreasonably used force without warning or orders by

3

employing a knee strike to plaintiff Alexander's solar plexus and left side of his body causing Alexander severe pain and loss of breath.

19. At that time Defendant Stewart did not intervene to prevent Defendant Stearns's excessive force.

20. Both Defendants, Stewart and Stearns then proceeded to pull plaintiff Alexander forward trying to throw him face first on the concrete floor. Alexander trying to prevent himself from falling face first placed one foot in front of the other then he placed another foot in front of the other. Stearns and Stewart then took Alexander to the ground causing pain to plaintiff's front part of his body, knees and lower back.

21. After plaintiff Alexander was on the ground subdued by Defendants Stearns and Stewart and also with his arms secured behind his back with wrist restraints, defendant Stearns continued to use harmful force unreasonably by ramming the right side of Alexander's head into the concrete floor. This caused Alexander excruciating pain and also caused him to say, "ow, that hurts," it also caused Alexander's legs to move involuntarily out of pain.

22. During Defendant Stearns's use of excessive force defendant Stewart again failed to intervene or protect plaintiff Alexander.

23. Around that time defendants Haag and Brady came into the vestibule followed by deputy Reilly. Brady grabbed Alexander's left and right ankles and forced his knees into the concrete floor causing pain to both of Alexander's knees. Haag told deputy Reilly to retrieve and apply leg restraints and he did.

24. During these events without any resistance from Alexander, Defendant Stewart continued to employ harmful force unreasonably by ramming Alexander's forehead into the concrete floor causing Alexander excruciating pain and to yell out, "stop, that hurts." Stewart continued to use excessive force by ramming the left side of Alexander's head into the concrete floor pushing

4

down with his body weight causing Alexander excruciating pain in his head, elbow and spine in the back of his neck, Alexander then said, "get off me, you're hurting me." Stewart then said, "if you keep fighting me I'm going to tase you," plaintiff replied, " how am I fighting you with handcuffs on?" " I'm going to sue y'all for excessive force, y'all are on camera."

Somebody said, "you're on three cameras," then the plaintiff was picked up and walked over to a chair and was told to have a seat plaintiff then sat down.

25. At that time Defendant Stearns, Brady and Haag failed to intervene to stop defendant Stewart's use of excessive force.

26. After a while nurse Goettel did a use of force triage by checking plaintiff Alexander's pulse and blood pressure. Nurse Goettel asked Alexander did he have any injuries and Alexander replied, "yeah my head hurts, my neck hurts and I feel dizzy." Nurse Geottel ignored plaintiff's injuries complaint and told him to put a sick call in.

27. Plaintiff was taken to delta 500 by deputy Paskalakis and placed in confinement pending lockdown.

28. Plaintiff Alexander was a pre-trial detainee at all times mentioned herein.

## B.   LEGAL CLAIMS

29. Defendant Stearns used excessive force by using a knee strike on plaintiff's solar plexus and by ramming plaintiff's head into the concrete floor. Defendant Stearns's actions violated plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and caused plaintiff pain, suffering, physical injury, and mental and emotional distress.

30. Defendant Stewart used excessive force against plaintiff by ramming his forehead and the left side of his head into the concrete floor. Defendant Stewart's actions violated plaintiff's rights under  the Due Process Clause of the Fourteenth Amendment to the United States Constitution

and caused plaintiff pain, suffering, physical injury, and mental and emotional distress.

31. Defendant Stewart witnessed defendant Stearns's excessive force and failed to intervene to stop or prevent the excessive force. Defendant Stewart violated plaintiff's rights under the Fourteenth Amendment to the United States Constitution and caused plaintiff pain, suffering, physical injury and mental and emotional distress.

32. Defendants Stearns, Brady and Haag witnessed defendant Stewart's excessive illegal force and failed to intervene to stop or prevent the excessive force. Defendant Stearns, Brady, and Haag violated plaintiff's rights under the Fourteenth Amendment to the United States Constitution and caused plaintiff pain, suffering, physical injury and mental and emotional distress.

33. The actions of Defendants Stewart and Stearns in using physical force without need or provocation against  the plaintiff constituted the tort of assault and battery under the law of Florida.

34. Plaintiff Alexander has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff Alexander has been and will continue to be irreparably injured by the conduct of the defendants unless this Court grants the declaratory relief which plaintiff seeks.

**"ATTACHMENT B"**

## V.  Injuries

1.  Contusions and abrasions to both knees that were sore and tender lasting two weeks.

2.  A chipped piece of bone or soft tissue in the corner of the plaintiff's right elbow that moves around and causes him pain and discomfort every time he puts his weight or pressure on it. The pain and condition of plaintiff's right elbow is permanent.

3.  A lump on the left side of plaintiff's eyebrow/temple area, a lump on the right side of plaintiff's eyebrow/temple area and a lump in the middle of plaintiff's forehead. All three lumps were swollen, red, tender and painful and lasted one week.

4.  Constant pain in the back of plaintiff's neck in the area of his spine that causes him severe pain and an electric like shock that travels to each shoulder when he turns his neck. The pain is permanent and occurs everyday all throughout the day.

5.  Headaches and dizzy spells that occur everyday at different times of the day and is a permanent issue.

6.  A contusion on his solar plexus and sore ribs on the left side of his body that lasted one week.

7.  Exacerbation of a pre-existing back injury.

8.  Mental and emotional distress to include: stress, paranoia, flashbacks, nightmares, and also exacerbation of pre-existing mental and emotional distress.

9.  Plaintiff Alexander informed nurse Geottel (whom did the use of force triage) that his head, and neck were in pain and also he felt dizzy. Nurse Geottel ignored plaintiff's injuries complaint, but then at that time told him to, "put a sick call in." At that time plaintiff was secured in wrist restraints behind his back and couldn't properly observe his injuries.

10. Plaintiff sought medical attention with numerous health care request forms. Plaintiff was seen by medical and was x-rayed, plaintiff required pain medication for his injuries. Plaintiff was

1

already receiving pain medication for a pre-existing issue. Plaintiff was given medicine for his dizzy spells and Excedrin for headache relief.

11. Plaintiff's contusions, abrasions and lumps, and swelling healed on their own with out medical treatment.

12. Plaintiff sought mental health attention for his mental and emotional distress with numerous healthcare request forms. Plaintiff was seen and counseled by mental health as was required, plaintiff was also given handouts by mental health on how to deal with sleep, self care, nightmares and flashbacks and anxiety.

"ATTACHMENT C"

## VI. RELIEF

WHEREFORE, Plaintiff respectfully prays that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. The physical abuse of the plaintiff by defendants Stewart and Stearns violated the plaintiff's rights under the Fourteenth Amendment to the United States Constitution and constituted an assault and battery under state law.

2. The failure to protect or intervene by all defendants to the physical abuse of the plaintiff by defendants Stewart and Stearns violated plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

B. Award compensatory damages in the following amounts:

1. $200,000 jointly and severally against defendants Stewart and Stearns for pain and suffering, past and future medical and mental health expenses, future loss of ability to earn wages, loss of enjoyment of life and for the permanent physical, mental and emotional injuries sustained as a result of defendants Stewart and Stearns's use of excessive force on the plaintiff and for failing to protect /intervene.

2. $100,000 jointly and severally against defendants Brady and Haag for pain and suffering, past and future medical and mental health expenses, future lost wages, loss of enjoyment of life and for the permanent physical, mental and emotional injuries sustained as a result of failing to protect the plaintiff or intervene during the use of excessive force by defendants Stearns and Stewart.

C. Award punitive damages in the following amounts:

1. $20,000 each against defendants Stearns and Stewart.

2. $10,000 each against defendants Brady and Haag.

1

Plaintiff also seeks a jury trial on all issues triable by jury, recovery of his costs in this suit, and any additional relief this court deems just, proper and equitable.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.  Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Pasco Detention Center_

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

Pasco Detention Center.

2.    What did you claim in your grievance?

A violation of my fourteenth Amendment Civil rights.

3.    What was the result, if any?

It was denied and ruled unfounded by staff members.

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

I appealed it twice, the grievance process was completed. I exhausted my administrative remedies.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

_N/A_

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_N/A_

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_I exhausted my administrative remedies._
*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.    Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_N/A_

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s)     *N/A*
    Defendant(s)     *N/A*

2.  Court *(if federal court, name the district; if state court, name the county and State)*
    *N/A*

3.  Docket or index number
    *N/A*

4.  Name of Judge assigned to your case
    *N/A*

5.  Approximate date of filing lawsuit
    *N/A*

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition.     *N/A*

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    *N/A*

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s)     Luis Alexander III
    Defendant(s)    Deputy K. Bell

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    Middle District of Florida, Tampa Division

3.  Docket or index number
    8:19-cv-01834-MSS-AAS

4.  Name of Judge assigned to your case
    Judge Mary S. Scriven

5.  Approximate date of filing lawsuit
    July 26, 2019

6.  Is the case still pending?
    ☑ Yes

    ☐ No

    If no, give the approximate date of disposition _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    *August 16, 2022*

| | |
|---|---|
| Signature of Plaintiff | *Luis Alexander III* |
| Printed Name of Plaintiff | *Luis Alexander* |
| Prison Identification # | *R49375* |
| Prison Address | *P. O. Box 800* |
| | *Raiford*          *FL*      *32083* |
| | City          State      Zip Code |

### B.    For Attorneys

Date of signing:    _____

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Address | _____ |
| | _____ |
| | City          State      Zip Code |
| Telephone Number | _____ |
| E-mail Address | _____ |